**Ralph R. REED, Plaintiff-Appellee,**

v.

**JONES AND LAUGHLIN STEEL CORPORATION, Defendant-Appellant.**

No. 79–1651.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1979.

Decided Sept. 14, 1979.

Greg A. Naylor, Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, for defendant-appellant.

Martin R. Dunn, Des Moines, Iowa, for plaintiff-appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This case is before us on a motion to dismiss under Eighth Circuit Rule 9(b). The appeal itself is from a default judgment entered on July 3, 1979, by the Clerk of the District Court for the Southern District of Iowa. On July 5, 1979, the defendant, Jones and Laughlin Steel Corporation, filed a motion in the District Court pursuant to Rules 55(c) and 60(b), Fed.R.Civ.P., to set aside the judgment. That motion is still pending before the District Court. On July 31, 1979, Jones and Laughlin filed a notice of appeal and on August 6, 1979, Reed, the plaintiff below, filed the instant motion to dismiss the appeal.

The ground for Reed's motion is the failure of Jones and Laughlin to file a bond for costs on appeal as required by Rule 7, Fed.R.App.P. Rule 7, however, has been amended to provide that filing of a bond is no longer mandatory but rather is required only if the District Court, in its discretion, so orders. 47 U.S.L.W. 4486. This amendment became effective on August 1, 1979, and is thus not explicitly controlling here,

except that the order implementing this amendment states:

> [T]he foregoing amendments to the Federal Rules of Appellate Procedure [including the amendment to Rule 7] shall take effect on August 1, 1979 and shall govern all appellate proceedings thereafter commenced *and, insofar as just and practicable, all proceedings then pending.*

*Id.* at 4485 (emphasis added).

There appears no reason why it would not be both just and practicable to apply the amended rule to this proceeding. Therefore, the motion to dismiss is denied but the case is remanded to the District Court for its determination of *whether it will require a cost bond for the appeal* and for its ruling on the Rules 55(c) and 60(b) motion.